FILED

2008 JUN 27  A 8: 32

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JAMES W. SCHUMM, Ph.D.<br>7805 Trammell Road<br>Annandale, Virginia 22003,<br><br>    Plaintiff,<br><br>vs.<br><br>PROMEGA CORPORATION<br>2800 Woods Hollow Road<br>Madison, Wisconsin 53711,<br><br>    Defendant. | Civil Action Number:<br><br>1:08cv657<br>Jury Trial Requested<br>CMH/JFA |

## COMPLAINT

Plaintiff James W. Schumm, Ph.D. ("Dr. Schumm") alleges for his claims against defendant Promega Corporation ("Promega") as follows:

### The Parties

1.  Plaintiff Dr. Schumm is a citizen and resident of the Commonwealth of Virginia, residing at 7805 Trammell Road, Annandale, Virginia 22003.

2.  Defendant Promega is a Wisconsin corporation, having its principal place of business at 2800 Woods Hollow Road, Madison, Wisconsin, 53711.

## Jurisdiction and Venue

3.  The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391.

## Dr. Schumm and Promega

5.  Dr. Schumm is an accomplished and world recognized research scientist who is expert in human identification and specializes in molecular biology, molecular genetics, molecular diagnostics and genetic analysis. Dr. Schumm holds fourteen U.S. patents covering various nucleic acid analysis technologies. He was part of a team responsible for constructing the first genome-wide human genetic linkage map and identifying the first polymorphic DNA marker for cystic fibrosis. He has published more than fifty articles on DNA analysis.

6.  Promega is a manufacturer and provider of products in the life sciences industry, including kits and reagents, as well as integrated solutions for life sciences research and drug discovery. Its products are used by customers to understand the molecular basis of life and potential mechanisms of disease, as well as to identify targets for drug development. Promega has branches in twelve countries and has over fifty global distributors. Its products, including the inventions that are the subject of this suit, are purchased, sold and used in the Commonwealth of Virginia.

7.  In January 1986, Dr. Schumm accepted a position with Promega as Research Director, Detection Systems and began working for Promega in April 1986. In 1991, he became Director of Research and Development, DNA Typing.

8. Dr. Schumm terminated his employment with Promega on or about May 28, 1999. Since the termination of his employment, Dr. Schumm has continued to honor his obligations to Promega, including maintaining the confidentiality of certain information that Promega regards as trade secrets.

### Dr. Schumm's Employment Agreement

9. In 1992, Promega asked Dr. Schumm to execute an employment agreement drafted and provided by Promega. Dr. Schumm did so on May 27, 1992 (the "Employment Agreement.") A copy of the Employment Agreement is attached hereto as Exhibit 1.

10. The Employment Agreement provides that all inventions or discoveries conceived or made by Dr. Schumm relating to Promega's business while he was employed by Promega and for one year thereafter would be Promega's property. The Employment Agreement further requires Dr. Schumm, when requested by Promega, to execute patent applications and other instruments considered necessary by Promega to apply for and obtain patents which covered his inventions in the United States and other countries.

11. The Employment Agreement also provides for the payment of royalties to Dr. Schumm. The Employment Agreement states in pertinent part as follows:

> For each invention assigned by me to Promega on which an application for United States patent is filed by or at the request of Promega, Promega agrees to pay to me, if I am a sole inventor, or a proportionate share if I am a joint inventor, 20% of any amount received by Promega in payment for the use by others of the invention.

### Dr. Schumm's Inventions Were Commercialized by Promega

12. During the course of his employment with Promega, Dr. Schumm was the inventor of a number of important discoveries in the field of life science. Some of his work was captured in the following patents: Allelic Ladders for Short Tandem Repeat Loci, U.S. Patent

- 3 -

No. 5, 599,666; Allelic Ladders for Short Tandem Repeat Loci, U.S. Patent No. 5,674,686; Allelic Ladders for Short Tandem Repeat Loci, U.S. Patent No. 5,783,406; Multiplex Amplification of Short Tandem Repeat Loci, U.S. Patent No. 5,843,660; Nucleic Acid Amplification with DNA-Dependent RNA Polymerase Activity of RNA Replicases, U.S. Patent No. 6,090,589; Methods and Compositions for Nucleic Acid Detection By Target Extension and Probe Amplification, U.S. Patent No. 6,100,024; Allelic Ladders for Short Tandem Repeat Loci, U.S. Patent No. 6,156,512; Multiplex Amplification of Short Tandem Repeat Loci, U.S. Patent No. 6,221,598 B1; Materials and Methods for Identifying and Analyzing Intermediate Tandem Repeat DNA Markers, U.S. Patent No. 6,238,863 B1; Nucleic Acid Amplification with DNA-Dependent RNA Polymerase Activity of RNA Replicases, U.S. Patent No. 6,369,207; Multiplex Amplification of Short Tandem Repeat Loci, U.S. Patent No. 6,479,235 B1; Nucleic Acid Amplification with DNA-Dependent RNA Polymerase Activity of RNA Replicases, U.S. Patent No. 6,667,140; Materials and Methods for Identifying and Analyzing Intermediate Tandem Repeat DNA Markers, U.S. Patent No. 6,767,703 B2; and Multiplex Amplification of Short Tandem repeat Loci, U.S. Patent No. 7,008,771 B1 (the "Patents").

13.    Pursuant to the terms of his Employment Agreement, Dr. Schumm assigned to Promega the Patents set forth in paragraph 12 above.

14.    Promega commercialized a number of Dr. Schumm's inventions as products. These products include: PowerPlex® 16 System; PowerPlex® 16 BIO System; PowerPlex® 1.1 System; PowerPlex® 1.2 System; PowerPlex® 2.1 System; GammaSTR® Multiplex (Fluorescein) D16S539, D7S820, D13S317, D5S818; CSF1PO, TPOX, TH01, vWA Multiplex (Fluorescein); F13A01, FESFPS, F13B, LPL Multiplex (Fluorescein); CTTv Allelic Ladder Mix (Fluorescein); FFFL Allelic Ladder Mix (Fluorescein); GammaSTR® Allelic Ladder Mix; *GenePrint®*

SilverSTR® III System (D7S820, D13S317, D16S539); CSF1PO, TPOX, TH01 Multiplex; F13A01, FESFPS, vWA Multiplex; CTT Allelic Ladder Mix; FFv Allelic Ladder Mix. These products, containing Dr. Schumm's inventions, were offered for sale, and were in fact sold, by Promega.

15.     Promega directly sold products containing Dr. Schumm's inventions to others for their use. Promega also licensed Dr. Schumm's inventions to others for their use in services and/or in connection with the creation and/or manufacture of other products. Promega received payments for others' uses of Dr. Schumm's inventions.

16.     Promega received payments and other valuable consideration of many millions of dollars in connection with its sales and licensing of Dr. Schumm's inventions which were used by others.

### The Royalties

17.     Beginning in 2002, Promega acknowledged its obligations to Dr. Schumm and paid him royalties.

18.     Promega has never shared with Dr. Schumm how it has determined the royalties it has paid to him.

19.     Promega continued to pay royalties to Dr. Schumm through December 2006.

20.     To date, Promega has paid Dr. Schumm a total of $4,742 for royalties pursuant to the Employment Agreement.

### Promega Notifies Dr. Schumm of Its Unilateral Decision Not to Honor Its Obligations under the Employment Agreement

21.     On or about January 12, 2007, Dr. Schumm received a letter from Brenda Furlow, Promega's Vice President and General Counsel, advising him that Promega had unilaterally decided to stop paying royalties to him. In that letter, Promega advised that in its view,

"[s]haring of royalties with Promega employee-inventors originally was put in place and intended only to cover licensing of inventions where Promega had either chosen not to commercialize the technology or was unable to do so, and chose instead to derive value solely from our licensing."

22. Ms. Furlow's letter further stated that "the original intention was to provide a means of increasing value for employees in the form of additional compensation in such situations; payments should not have extended to employees once they left the company."

23. Dr. Schumm's Employment Agreement does not limit the payment of royalties to circumstances in which Promega obtained value solely from licensing, nor does it provide that the payment of royalties stops when Dr. Schumm left the employ of Promega.

## COUNT I
### (Breach of Contract)

24. The allegations set forth in paragraphs 1 through 23 are repeated and realleged as if fully set forth here.

25. Promega materially breached the Employment Agreement by its failure and refusal to pay Dr. Schumm in compliance with the terms of the Employment Agreement.

26. Pursuant to the terms of the Employment Agreement, Dr. Schumm is entitled to be paid a proportionate percentage of any amount received by Promega in payment for the use by others of the invention, without limitation.

27. Promega's breach of the Employment Agreement has damaged Dr. Schumm in an amount to be proven at trial.

## COUNT II
### (Unjust Enrichment)

28. The allegations set forth in paragraphs 1 through 27 are repeated and realleged as if fully set forth here.

29. By its receipt and commercialization of Dr. Schumm's inventions, Promega has reaped the success, benefits and financial rewards of Dr. Schumm's inventions, including millions of dollars in product sales, licensing arrangements that have enabled Promega to obtain favorable and dominant market positions, and a reputation of providing quality products in the field of DNA testing and life science.

30. These benefits enjoyed by Promega are a direct and proximate result of the inventions of Dr. Schumm.

31. Despite Promega's enjoyment of these benefits from the work of Dr. Schumm, Promega has failed to adequately compensate Dr. Schumm and it has been unduly and unjustly enriched at his expense.

32. As a direct and proximate result of Promega's unjust enrichment, Dr. Schumm has been damaged in an amount to be proven at trial.

WHEREFORE, Dr. Schumm prays that the Court:

A. Grant judgment in his favor;

B. Award him damages in the amount to be proven at trial, plus pre-judgment interest;

C. As an alternative to the damages requested in Count II, award Dr. Schumm appropriate equitable relief;

D. Award Dr. Schumm the costs and attorneys' fees incurred in connection with this matter; and

E.  Award Dr. Schumm such other and further relief as the Court deems just and proper.

### Jury Demand

Dr. Schumm requests a trial by jury of all matters to which he is entitled to a trial by jury.

James W. Schumm, Ph.D.

By Counsel

Date: June 27, 2008

*Barbara S. Wahl* (signature)

Barbara S. Wahl - Virginia State Bar No. 24647
Joshua Morris - Virginia State Bar No. 73239
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Phone:       (202) 857-6000
Facsimile:   (202) 857-6395
Email addresses: wahl.barbara@arentfox.com
                 morris.joshua@arentfox.com

Of Counsel:
Matthew Wright, Esq.
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5339
Phone:       (202) 857-6000
Facsimile:   (202) 857-6395
Email: wright.matthew@arentfox.com

*Counsel for Plaintiff James W. Schumm, Ph.D.*